IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. |
| v. | ) ) **COMPLAINT** |
| BISCONTI FARMS, INC., 21 North Walnut Street Fleetwood, Pennsylvania, 19522 | ) **AND JURY TRIAL DEMAND** ) ) ) ) |
| Defendant. | ) ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Charging Party Maria Carmen Hernandez Lopez, Marbella Diaz Betancourt, Rosalba Betancourt Corona, Maria Medina (a/k/a Maria Martinez), Soledad Gonzalez, Yazmin Barona, Aimara Torres, Silvia Nunez, and other aggrieved female employees who were adversely affected by such practices. As alleged with greater particularity in Paragraphs 1 through 55, the U.S. Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Bisconti Farms, Inc. ("Defendant") subjected the aforementioned females, and female employees as a class to a hostile work environment because of their sex (female). EEOC further alleges that Defendant subjected Maria Carmen Hernandez Lopez to adverse alterations in the terms or conditions of her employment, because of sex (female) and in retaliation for opposing Defendant's unlawful employment practices.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this civil action under 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in the U.S. District Court for the Eastern District of Pennsylvania under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because the alleged unlawful employment practices were committed in the Commonwealth of Pennsylvania and all the events or omissions giving rise to this action occurred in this judicial district.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action under Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all times relevant, Defendant, Bisconti Farms, Inc (the "Employer") has continuously been a Pennsylvania corporation doing business in Berks County of the Commonwealth of Pennsylvania. Defendant Employer has continuously had at least fifteen (15) employees.

5. At all times relevant, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCESS

6. More than thirty days prior to the institution of this lawsuit, Maria Carmen Hernandez Lopez filed a charge of discrimination with EEOC alleging that Defendant Employer violated Title VII by subjecting her and a class of female employees to discrimination because of their sex (female) and subjecting her to retaliation for opposing the unlawful employment practices.

7. On June 26, 2018, EEOC issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated with respect to Maria Carmen Hernandez Lopez and a class of female employees, and inviting Defendant to join with EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief to Maria Carmen Hernandez Lopez and a class of female employees.

8. EEOC engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. EEOC was unable to secure from Defendant Employer a conciliation agreement acceptable to EEOC.

10. On August 27, 2018, EEOC issued to Defendant Employer a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## GENERAL FACTUAL ALLEGATIONS

12. Prior to receiving from EEOC the charge of discrimination filed by Maria Carmen Hernandez Lopez, Defendant did not have a sexual harassment policy written in Spanish, or any language to ensure that its non-English speaking employees were provided such information in their own language.

3

13. Prior to receiving from EEOC the charge of discrimination filed by Maria Carmen Hernandez Lopez, Defendant did not have complaint procedures written in Spanish for limited-English proficiency Spanish-speaking employees to report sex discrimination and harassment.

14. Prior to receiving from EEOC the charge of discrimination filed by Maria Carmen Hernandez Lopez, Defendant did not provide employees with any training on sex discrimination and harassment.

*Maria Carmen Hernandez Lopez's Employment*

15. Ms. Lopez, a female, had been initially employed as a Basket Marker and was paid approximately $9.40 per hour.

16. Ms. Lopez was supervised by Manager Araceli Escobar, who had authority to hire and fire employees and take other material employment actions on behalf of Defendant.

17. In or around 2011 and continuing through her termination in 2015, Defendant subjected Ms. Lopez to a continuing course of unwelcome and offensive harassment because of her sex (female), including but not limited to the following conduct:

   (a) In or around 2011, when Ms. Lopez was pregnant, Araceli Escobar approached her from behind and squeezed one of her breasts. Ms. Lopez objected, and informed Ms. Escobar that she was pregnant. At this point during Ms. Lopez's pregnancy, Ms. Escobar stopped touching Ms. Lopez.

   (b) Upon her return from pregnancy leave, Ms. Escobar began routinely slapping Ms. Lopez on her buttocks, and touching other intimate parts of her body. Each time, Ms. Lopez told Ms. Escobar that her conduct was offensive and unwelcome. Yet, Ms. Escobar's slapping and touching of Ms. Lopez persisted, without her consent,

occurring at least once each month on average during the period 2011 through mid-2014.

(c) Throughout her employment at Defendant, Ms. Lopez observed Ms. Escobar touching and grabbing the intimate body areas of other female employees, including, slapping their buttocks.

(d) Ms. Escobar's harassment of Ms. Lopez escalated to a point where Ms. Escobar slapped Ms. Lopez on her buttocks twice on the same day. Ms. Lopez demanded that Ms. Escobar never slap her again. Ms. Escobar laughed it off.

(e) After Ms. Lopez complained to Ms. Escobar about slapping her buttocks, Ms. Escobar begin routinely yelling at Ms. Lopez and criticizing her work without any reasonable basis.

(f) In December 2014, Ms. Escobar disciplined Ms. Lopez, unjustifiably charging her with "job abandonment."

(g) Around January 2015, Ms. Escobar demoted Ms. Lopez from her position as Basket Marker to Mushroom Pick with a reduction in pay of approximately $2.15 per hour in wages.

(h) At no point did Defendant take prompt and effective corrective actions reasonably calculated to prevent or correct the harassment. For instance, Defendant did not have a sexual harassment policy or complaint procedures, did not conduct a prompt and thorough investigation of Ms. Lopez's complaints, did not discipline Ms. Escobar for engaging in the harassing conduct, did not provide anti-harassment training, and did not monitor the work environment.

### *Ms. Rosalbu Betancourt Corona's Employment*

18. Ms. Rosalbu Betancourt Corona, a female, worked as a Box Counter for Defendant from approximately 2000 until sometime in 2014, when her position was changed to Box Maker.

19. During her employment with Defendant, Ms. Corona was supervised by Manager Araceli Escobar, who had authority to hire and fire employees and take other material employment actions on behalf of Defendant.

20. Beginning on or about 2007 and continuing through 2014, Defendant subjected Ms. Corona to a continuing course of unwelcome and offensive harassment because of her sex (female), including but not limited to the following conduct:

   (a) Most every work day, from at least 2007 through 2014, Manager Araceli Escobar would approach Ms. Corona in the morning and try to kiss her by sneaking up from behind, forcibly kissing her on the mouth, and running her hands under Ms. Corona's blouse to squeeze her breasts. Ms. Corona repeatedly asked Manager Araceli Escobar to stop, but she did not listen.

   (b) From at least 2007 through 2014, Manager Araceli Escobar repeatedly grabbed and slapped Ms. Corona's buttocks.

   (c) From at least 2007 through 2014, Ms. Corona observed Manager Araceli Escobar routinely touching other female workers in a sexual manner.

   (d) In or around 2014, Manager Araceli Escobar moved Ms. Corona to the position of Box Maker, which was more physically demanding than her previously-held position as Box Counter.

   (e) At no point did Defendant take prompt and effective corrective actions reasonably calculated to prevent or correct the harassment. For instance, Defendant did not

have a sexual harassment policy or complaint procedures, did not conduct a prompt and thorough investigation of Ms. Corona's complaints, did not discipline Ms. Escobar, did not provide anti-harassment training, and did not monitor the work environment.

(f) Ms. Corona was unaware of any methods or procedures for reporting harassment in the work place, and never knew how to file a charge of discrimination.

*Ms. Marbella Diaz Betancourt's Employment*

21.     Ms. Betancourt, a female, works for Defendant as a Supervisor.

22.     In or around 2013 to August 2014, Ms. Betancourt was supervised by Manager Araceli Escobar, who had authority to hire and fire employees and take other material employment actions on behalf of Defendant.

23.     Beginning in the Summer of 2013 to around 2015, Defendant subjected Ms. Betancourt to a continuing course of unwelcome and offensive harassment because of her sex (female), including but not limited to the following conduct:

(a) Beginning in the summer of 2013 Ms. Escobar began touching Ms. Betancourt on her buttocks and breasts on average at least three times during the work week.

(b) During the period 2013 to 2014, Ms. Betancourt observed Ms. Escobar touching other female employees, including Ms. Lopez, by slapping their buttocks, and squeezing their breasts on a regular basis.

(c) Around the beginning of 2014, Ms. Escobar trapped Ms. Betancourt between a group of mushroom boxes, pushed her against the wall, forcibly kissed her and rubbed her hands all over Ms. Betancourt's body, commenting, "Come on, stop complaining. You are a lesbian, aren't? You like this, don't you? If you don't, you

have to leave this job." Ms. Escobar made clear that if Ms. Betancourt had any complaints they would have to come through her first.

### *Ms. Maria Medina's Employment*

24. Ms. Maria Medina (a/k/a Maria Martinez), a female, was employed by Defendant as a Mushroom Picker.

25. Between May 2013 and December 2014, Ms. Medina was supervised by Manager Araceli Escobar, who had the authority to hire and fire employees and take other material employment actions on behalf of Defendant.

26. From around May 2014 and continuing until around December 2014, Defendant subjected Ms. Medina to a continuing course of unwelcome and offensive harassment because of her sex (female), including but not limited to the following conduct:

   (a) Around mid-2014, Ms. Escobar approached Ms. Medina from behind and grabbed her buttocks. Ms. Medina objected.

   (b) Ms. Medina observed Ms. Escobar touching the breasts and buttocks of Ms. Corona and other female employees on a regular basis, all of whom appeared to highly offended, except for Nicolasa Pantoja, a female, who was seen regularly engaging in consensual touching and sexual relations with Ms. Escobar, who often gave Ms. Pantoja favorable assignments.

   (c) In or around 2014, Ms. Pantoja grabbed Ms. Medina's buttocks and vaginal area.

   (d) Ms. Escobar's sister, Vicenta Marilu Mercado Escobar, grabbed and slapped Ms. Medina's buttocks on at least three separate occasions during 2014.

   (e) In or around December 2014, Ms. Escobar terminated Ms. Medina with no rehire status.

### *Ms. Soledad Gonzalez's Employment*

27. Ms. Soledad Gonzalez, a female, worked as a Mushroom Picker from 2014 to 2015.

28. During her employment with Defendant, Ms. Gonzalez was supervised by Manager Araceli Escobar, who had authority to hire and fire employees and take other material employment actions on behalf of Defendant.

29. Between 2014 and 2015, Defendant subjected Ms. Gonzalez to a continuing course of unwelcome and offensive harassment because of her sex (female), including but not limited to the following conduct:

   (a) On or about the spring or summer of 2014, Ms. Gonzalez encountered Ms. Escobar during her morning break in the break room where many of her co-workers were eating breakfast. While eating her breakfast, Ms. Gonzalez was approached by Ms. Escobar who straddled her lap. Then, Ms. Escobar, while lifting her own blouse, rubbed and shook her breasts in Ms. Gonzalez's face.

   (b) Ms. Gonzalez, embarrassed and humiliated, exited the break room upset and encountered some of her co-workers who witnessed what happened. They cautioned Ms. Gonzalez against complaining about Ms. Escobar because she would fire her. Ms. Gonzalez did not complain.

   (c) Later in 2014, Ms. Escobar approached Ms. Gonzalez again. Ms. Escobar lifted her own blouse and pulled down her panties to show Ms. Gonzalez her stomach, breasts and buttocks.

   (d) Ms. Gonzalez, offended by Ms. Escobar's unwelcome touching and conduct, resigned in 2015.

*Ms. Aimara Torres's Employment*

30. Aimara Torres has been employed since March 2014 as a Mushroom Picker.

31. Ms. Torres was supervised by Ms. Escobar, who had the authority to hire and fire employees and take other material actions on behalf of Defendant.

32. Between March 2014 to August 2014, Defendant subjected Ms. Torres to an unwelcome and offensive sexual harassment because of her sex (female), including but not limited to the following conduct:

> (a) In or about 2014, Ms. Torres observed Ms. Escobar and Group Leader Nicolasa Pantoja engaging in consensual sexual touching at work on a regular basis. Ms. Torres was offended to witness this behavior constantly occurring in the workplace.
>
> (b) In or about 2014, Ms. Torres experienced unwelcome sexual touching by Pantoja, who touched Ms. Torres' feet and grabbed and touched her buttocks.
>
> (c) After Torres complained about Pantoja touching her, Ms. Escobar threatened to transfer her to a tougher job and failed to schedule her for work for three days, resulting in significant pay loss.

*Ms. Silvia Nunez's Employment.*

33. Ms. Silvia Nunez has been employed since April 2, 2012. Her current position is Group Leader.

34. Ms. Nunez was supervised by Ms. Escobar, who had the authority to hire and fire employees and take other material actions on behalf of Defendant.

35. In and around 2012 and continuing until 2014, Defendant subjected Ms. Nunez to unwelcome and offensive harassment because of her sex (female), including but not limited to the following conduct:

(a) Between 2012 and 2014, Ms. Nunez observed Ms. Escobar regularly touching other female employees on their breasts and buttocks, which she found offensive.

(b) In 2014, Ms. Nunez confronted Ms. Escobar and told her that she should do her job and stop touching all the females in the plant. In response, Escobar threatened her and told her to leave. Later, Ms. Escobar demoted Ms. Nunez from her position as Basket Marker to Mushroom Picker.

*Yazmin Barona's Employment*

36. Ms. Yazmin Barona has been employed as a Mushroom Picker since 2014.

37. Ms. Barona was supervised by Manager Araceli Escobar, who had the authority to hire and fire employees and take other material employment actions on behalf of Defendant.

38. In and around the summer of 2014, and continuing to 2015, Defendant subjected Ms. Barona to unwelcome and offensive harassment because of her sex (female), including but not limited to the following conduct:

(a) During the summer of 2014, while Ms. Barona was pregnant, Ms. Escobar touched her on at least ten separate occasions, each time without her consent, by grabbing and slapping her buttocks. Once, Ms. Escobar forcibly kissed Ms. Barona.

(b) Ms. Barona also witnessed Ms. Escobar touching other females, which Ms. Barona found offensive.

(c) In or around 2015, when Ms. Barona returned to work from pregnancy leave and Ms. Escobar tried to touch her again, Ms. Barona asked her to stop, but she did not stop.

## CAUSES OF ACTION

### COUNT I: Hostile Work Environment Because of Sex

39. EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 1-38.

40. Defendant subjected Ms. Lopez, Ms. Betancourt, Ms. Corona, Ms. Medina, Ms. Gonzalez, Ms. Barona, Ms. Torres, and Ms. Nunez to unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by creating a hostile work environment because of sex (female).

41. In addition to Ms. Lopez, Ms. Betancourt, Ms. Corona, Ms. Medina, Ms. Gonzalez, Ms. Barona, Ms. Torres, and Ms. Nunez, Defendant subjected a class of female employees to unwelcome and offensive touching on intimate parts of their bodies, thereby creating a sexually hostile work environment.

42. The discriminatory practices described above were unwelcome; based on sex; offensive; and sufficiently severe or pervasive, both objectively and subjectively, to alter the terms or conditions of employment for Ms. Lopez, Ms. Betancourt, Ms. Corona, Ms. Medina, Ms. Gonzalez, Ms. Barona, Ms. Torres, Ms. Nunez, and a class of female employees.

43. Defendant is vicariously liable for the harassing conduct of its supervisory employee, Manager Araceli Escobar.

44. Defendant knew or should have known about the sexual harassment committed by its non-supervisory employees but failed to take prompt and effective action to prevent or correct the harassment.

45. The effect of the practices complained of in Paragraphs 39 through 44, above, has been to deprive Ms. Lopez, Ms. Betancourt, Ms. Corona, Ms. Medina, Ms. Gonzalez, Ms. Barona,

Ms. Torres, Ms. Nunez, and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

46. The unlawful employment practices described above were intentional.

47. The unlawful employment practices described above were done with malice or reckless indifference to the federally protected rights of Ms. Lopez, Ms. Betancourt, Ms. Corona, Ms. Medina, Ms. Gonzalez, Ms. Barona, Ms. Torres, Ms. Nunez, and female employees as a class.

**COUNT II: Retaliatory Adverse Change in Terms or Conditions of Employment**

48. EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 1-38.

49. Ms. Lopez engaged in protected opposition to employment practices made unlawful by Title VII, including, among other ways, by objecting to Defendant's manager's sexual discrimination and harassment.

50. Defendant took adverse actions against Ms. Lopez, among other ways, by (a) disciplining her, and (b) demoting her and/or otherwise, reassigning her to different and undesirable work.

51. Defendant took adverse actions against Ms. Lopez because of her protected opposition to employment practices made unlawful by Title VII.

52. Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by subjecting Ms. Lopez to retaliation for engaging in protected opposition to employment practices made unlawful by Title VII.

53. The effect of the practice(s) complained of in Paragraphs 48 through 52, above, has been to deprive Ms. Lopez of equal employment opportunities and otherwise adversely affect her

status as an employee because of her conduct protected under Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

54. The unlawful employment practices complained of above were intentional.

55. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Ms. Lopez.

## PRAYER FOR RELIEF

Wherefore, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from engaging in, or failing to take prompt, effective corrective action in response to, sex-based harassing conduct and other employment practices that discriminate based on sex.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from retaliating against any individual who engages in protected activity under Title VII, including but not limited to individuals who report instances of sex-based harassment and discrimination or who fail or refuse to acquiesce to such conduct.

C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and ensure Defendant's operations are free from sex-based harassment, sex discrimination, and retaliation, including but not limited to: (1) the institution of effective anti-harassment, discrimination, and retaliation policies; (2) the institution of effective complaint procedures; (3) the posting of notices required under Title VII; and (4) mandatory training on sex harassment/discrimination and retaliation for all managers and employees.

D. Order Defendant to submit periodic reports to EEOC identifying all complaints or observations of alleged sex-based harassment, sex discrimination, and/or retaliation for engaging in protected activity under Title VII that are received by Defendant and any corrective actions taken in response to those complaints or observations.

E. Order Defendant to make whole Ms. Lopez, Ms. Betancourt, Ms. Corona, Ms. Medina, Ms. Gonzalez, Ms. Barona, Ms. Torres, Ms. Nunez, and female employees as a class by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 12 through 55, above, which were incurred as a result of Defendant's conduct, in amounts to be determined at trial.

F. Order Defendant to make whole Ms. Lopez, Ms. Betancourt, Ms. Corona, Ms. Medina, Ms. Gonzalez, Ms. Barona, Ms. Torres, Ms. Nunez, and female employees as a class by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in Paragraphs 12 through 55, above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant to pay Ms. Lopez, Ms. Betancourt, Ms. Corona, Ms. Medina, Ms. Gonzalez, Ms. Barona, Ms. Torres, Ms. Nunez, and female employees as a class punitive damages for their malicious and reckless conduct described in Paragraphs 12 through 55, above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award EEOC its costs of this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully submitted,

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        JAMES L. LEE
        ACTING GENERAL COUNSEL

        GWENDOLYN YOUNG REAMS
        ASSOCIATE GENERAL COUNSEL
        WASHINGTON, D.C.

        DEBRA M. LAWRENCE
        REGIONAL ATTORNEY
        EEOC – Philadelphia District Office

        _/s/ Ronald L. Phillips by␣␣␣_
        RONALD L. PHILLIPS
        SUPERVISORY TRIAL ATTORNEY
        OH Bar No. 0070263
        EEOC – Baltimore Field Office
        George H. Fallon Federal Building
        31 Hopkins Plaza, Suite 1432
        Baltimore, MD 21201
        Phone: (410) 209-2737
        Fax: (410) 962-4270
        Email: ronald.phillips@eeoc.gov

        _/s/ Regina M. Andrew_
        REGINA M. ANDREW
        SENIOR TRIAL ATTORNEY
        PA Bar No. 55517
        EEOC – Baltimore Field Office
        George H. Fallon Federal Building
        31 Hopkins Plaza, Suite 1432
        Baltimore, MD 21201
        Phone: (410) 209-2724
        Fax: (410) 209-2221
        Email: regina.andrew@eeoc.gov