## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **and** | ) ) | |
| **MARIA CARMEN HERNANDEZ LOPEZ,** | ) ) | |
| **Intervenor Plaintiff,** | ) ) | |
| **and** | ) ) | **Case No.: 5:18-cv-04166-MAK** |
| **MARBELLA DIAZ BETANCOURT,** | ) ) | |
| **Intervenor Plaintiff,** **v.** | ) ) ) | |
| **BISCONTI FARMS, INC.,** | ) ) | |
| **Defendant,** | ) ) | |
| **and** | ) ) | |
| **BISCONTI MANAGEMENT, INC.,** | ) ) | |
| **Defendant.** | ) ) | |

## CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action

against Defendants Bisconti Farms, Inc. and Bisconti Management, Inc. (hereinafter, "Defendant")

to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its

Complaint, EEOC alleged that Defendant violated Title VII by subjecting Maria Carmen

Hernandez Lopez and a class of other aggrieved female employees to a hostile work environment

because of their sex (female) and by retaliating against Maria Carmen Hernandez Lopez for opposing Defendant's unlawful employment practices.     Maria Carmen Hernandez Lopez (hereinafter, "Intervenor Plaintiff Hernandez Lopez") and Marbella Diaz Betancourt (hereinafter, "Intervenor Plaintiff Diaz Betancourt") subsequently intervened in the litigation.

As a result of settlement discussions, Defendant, EEOC, Intervenor Plaintiff Hernandez Lopez, and Intervenor Plaintiff Diaz Betancourt (hereinafter, collectively the "Parties") desire to resolve this action without the time, expenditure, and risk of contested litigation.  Accordingly, the Parties agree that this action should be resolved through entry of this Consent Decree ("Decree"). By entering this Decree, Defendant does not admit liability for any of the Title VII claims pleaded in EEOC's Complaint or the Intervenor Plaintiffs' Complaints.  This Decree, once approved and entered by the Court, shall fully and finally resolve all claims alleged in EEOC's and the Intervenor Plaintiffs' Complaints filed in this case.

## **STIPULATIONS**

A.      The Parties acknowledge the jurisdiction of the United States District Court for the Eastern District of Pennsylvania over the subject matter of this action and the Parties to this action for purposes of entering this Decree and, if necessary, enforcing this Decree.

B.      Venue is proper in this judicial district for purposes of entering this Decree and any proceedings related to enforcement of the Decree.

C.      The Parties agree that all conditions precedent to the institution of this action have been fulfilled.

2

## FINDINGS

Having carefully examined the terms and provisions of this Decree, and based on the pleadings and stipulations of the Parties, the Court finds the following:

A.      The Court has jurisdiction over the subject matter of this action and the Parties.

B.      The terms of the Decree are lawful, fair, adequate, reasonable, and just.

C.      The Decree conforms to the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the interests of Title VII and will be in the best interest of the Parties, those for whom EEOC seeks relief, and the public.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## DEFINITIONS

A.      As used in this Decree, the term "Claimant" shall mean Intervenor Plaintiff Hernandez Lopez, Intervenor Plaintiff Diaz Betancourt, Rosalba Betancourt Corona, Maria Medina, Yazmin Barona, Aimara Torres, Maria Teresa Hernandez, and Roxana Ramos.

B.      As used in this Decree, the term "complaint" shall mean any allegation or report made by any person, whether or not substantiated by evidence, whether or not made in conformity with Defendant's established procedures (so long as knowledge of the complaint may be imputed to Defendant), made by any means of communication, regarding potential discrimination, harassment, or retaliation committed by any employee, officer, director, or owner of Defendant.

C.      The term "days" shall mean calendar days unless business days are clearly specified in a specific provision of the Decree. If any deadline referenced in this Decree shall fall on a weekend or a federal holiday, the deadline shall be moved to the next business day.

3

D.      The term "employee" shall be construed in accordance with applicable Title VII case law defining the meaning of the term "employee" and "employer."  The term "employee" shall specifically include all full-time and part-time employees of Defendant.

E.      The term "effective date" shall refer to the date that the Court approves and enters this Decree as a final order of the Court.

**INJUNCTION**

1.      Defendant, its owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Defendant are hereby enjoined from engaging in any employment practice that discriminates against any employee because of sex, including but not limited to (a) creating, facilitating, or tolerating the existence of a hostile work environment because of sex; and/or (b) taking any adverse action, or subjecting any employee to an adverse alteration in the terms or conditions of employment, because of sex.

2.      Defendant, its owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Defendant are hereby enjoined from engaging in any form of retaliation against any person because such person has (a) opposed any practice made unlawful or reasonably believed to be unlawful under Title VII; (b) filed a charge of discrimination under Title VII; (c) testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII; (d) requested or received relief under this Decree; and/or (e) asserted any rights under this Decree.

## MONETARY RELIEF

3.        Defendant shall pay $200,000.00 in total monetary relief, including attorneys' fees, to resolve all claims alleged in EEOC's and the Intervenor Plaintiffs' Complaints. This total monetary relief shall be paid in four (4) installments, each in the amount of $50,000.00, to be paid over a three-year term. The first $50,000.000 shall be due within fifteen (15) days of the effective date of this Decree; the second $50,000.00 shall be due on the date that is one (1) year from the effective date of this Decree; the third $50,000.00 shall be due on the date that is two (2) years from the effective date of this Decree; and the fourth and final $50,000.00 shall be due on the date that is three (3) years from the effective date of this Decree. The total monetary relief set forth in this Paragraph shall allocated among the Claimants and shall be paid as follows:

> (a) **Maria Carmen Hernandez Lopez.** Defendant shall pay total monetary relief, including attorneys' fees, to Intervenor Plaintiff Maria Carmen Hernandez Lopez in the amount of $45,000.00, allocated as follows between direct monetary relief to Intervenor Plaintiff Maria Carmen Hernandez Lopez and attorneys' fees to the Community Justice Project.
>
>> i. Direct Monetary Relief: $37,000.00 of the $45,000.00 total payment shall be designated as compensatory damages for emotional distress and shall not be subject to payroll withholdings and deductions. This direct monetary relief shall be paid as follows: $10,250.00 payable within fifteen (15) days of the effective date of this Decree; $10,250.00 payable on the date that is one (1) year from the effective date of this Decree; $8,250.00 payable on the date that is two (2) years from the effective date of this Decree; and $8,250.00 payable on the date that is three (3) years from the effective date

of this Decree. Each of the aforementioned direct monetary relief payments shall be paid via certified bank check made payable to "Maria Carmen Hernandez Lopez." Defendant shall mail the aforementioned checks to Intervenor Plaintiff Hernandez Lopez by certified mail with return receipt or express overnight mail at the following address: Attn: Marielle Macher, Community Justice Project, 118 Locust Street, Harrisburg, PA 17101.

ii. Attorneys' Fees: $8,000.00 of the $45,000.00 total payment to Intervenor Plaintiff Maria Carmen Hernandez Lopez shall be designated as attorneys' fees and paid as follows: $2,000.00 payable within fifteen (15) days of the effective date of this Decree; $2,000.00 payable on the date that is one (1) year from the effective date of this Decree; $2,000.00 payable on the date that is two (2) years from the effective date of this Decree; and $2,000.00 payable on the date that is three (3) years from the effective date of this Decree. Each of the aforementioned attorneys' fees payments shall be paid via certified bank check made payable to "Community Justice Project." Defendant shall mail the aforementioned checks to the Community Justice Project by certified mail with return receipt or express overnight mail at the following address: Attn: Marielle Macher, Community Justice Project, 118 Locust Street, Harrisburg, PA 17101. Within seven (7) days of the effective date of this Decree, the Community Justice Project shall provide Defendant with an executed IRS Form W-9 for the attorney fees. At the end of the calendar year in which such payments are made to the Community Justice Project, Defendant shall report the attorneys' fees paid to the Community

6

Justice Project to the IRS using a Form 1099-MISC and shall issue an IRS Form 1099-MISC to the Community Justice Project for that amount.

(b) **Marbella Diaz Betancourt.** Defendant shall pay monetary relief to Intervenor Plaintiff Marbella Diaz Betancourt in the total amount of $45,000.00. This monetary relief shall be designated as compensatory damages for emotional distress and shall not be subject to payroll withholdings and deductions. The monetary relief shall be paid as follows: $12,250.00 payable within fifteen (15) days of the effective date of this Decree; $12,250.00 payable on the date that is one (1) year from the effective date of this Decree; $10,250.00 payable on the date that is two (2) years from the effective date of this Decree; and $10,250.00 payable on the date that is three (3) years from the effective date of this Decree. Each of the aforementioned monetary relief payments shall be paid via certified bank check made payable to "Marbella Diaz Betancourt." Defendant shall mail the aforementioned checks to Intervenor Plaintiff Diaz Betancourt by certified mail with return receipt or express overnight mail at the following address: Attn: Alia Al-Khatib and Liz Chacko, Justice at Work, Inc., 990 Spring Garden, Suite 300, Philadelphia, PA 19123.

(c) **Rosalba Betancourt Corona.** Defendant shall pay monetary relief to Claimant Rosalba Betancourt Corona in the total amount of $25,000.00. This monetary relief shall be designated as compensatory damages for emotional distress and shall not be subject to payroll withholdings and deductions. The monetary relief shall be paid as follows: $6,250.00 payable within fifteen (15) days of the effective date of this Decree; $6,250.00 payable on the date that is one (1) year from the effective

7

date of this Decree; $6,250.00 payable on the date that is two (2) years from the effective date of this Decree; and $6,250.00 payable on the date that is three (3) years from the effective date of this Decree. Each of the aforementioned monetary relief payments shall be paid via certified bank check made payable to "Rosalba Betancourt Corona." Defendant shall mail the aforementioned checks to Ms. Betancourt Corona by certified mail with return receipt or express overnight mail at an address provided by EEOC.

(d) **Maria Medina.** Defendant shall pay monetary relief to Claimant Maria Medina in the total amount of $11,000.00. This monetary relief shall be designated as compensatory damages for emotional distress and shall not be subject to payroll withholdings and deductions. The monetary relief shall be paid as follows: $2,250.00 payable within fifteen (15) days of the effective date of this Decree; $2,250.00 payable on the date that is one (1) year from the effective date of this Decree; $3,250.00 payable on the date that is two (2) years from the effective date of this Decree; and $3,250.00 payable on the date that is three (3) years from the effective date of this Decree. Each of the aforementioned monetary relief payments shall be paid via certified bank check made payable to "Maria Medina." Defendant shall mail the aforementioned checks to Ms. Medina by certified mail with return receipt or express overnight mail at an address provided by EEOC.

(e) **Yazmin Barona.** Defendant shall pay monetary relief to Claimant Yazmin Barona in the total amount of $37,000.00. This monetary relief shall be designated as compensatory damages for emotional distress and shall not be subject to payroll withholdings and deductions. The monetary relief shall be paid as follows:

8

$9,250.00 payable within fifteen (15) days of the effective date of this Decree; $9,250.00 payable on the date that is one (1) year from the effective date of this Decree; $9,250.00 payable on the date that is two (2) years from the effective date of this Decree; and $9,250.00 payable on the date that is three (3) years from the effective date of this Decree. Each of the aforementioned monetary relief payments shall be paid via certified bank check made payable to "Yazmin Barona." Defendant shall mail the aforementioned checks to Ms. Barona by certified mail with return receipt or express overnight mail at an address provided by EEOC.

(f) **Aimara Torres.** Defendant shall pay monetary relief to Claimant Aimara Torres in the total amount of $11,000.00. This monetary relief shall be designated as compensatory damages for emotional distress and shall not be subject to payroll withholdings and deductions. The monetary relief shall be paid as follows: $2,250.00 payable within fifteen (15) days of the effective date of this Decree; $2,250.00 payable on the date that is one (1) year from the effective date of this Decree; $3,250.00 payable on the date that is two (2) years from the effective date of this Decree; and $3,250.00 payable on the date that is three (3) years from the effective date of this Decree. Each of the aforementioned monetary relief payments shall be paid via certified bank check made payable to "Aimara Torres." Defendant shall mail the aforementioned checks to Ms. Torres by certified mail with return receipt or express overnight mail at an address provided by EEOC.

(g) **Maria Teresa Hernandez.** Defendant shall pay monetary relief to Claimant Maria Teresa Hernandez in the total amount of $15,000.00. This monetary relief shall be designated as compensatory damages for emotional distress and shall not be subject

9

to payroll withholdings and deductions. The monetary relief shall be paid as follows: $3,250.00 payable within fifteen (15) days of the effective date of this Decree; $3,250.00 payable on the date that is one (1) year from the effective date of this Decree; $4,250.00 payable on the date that is two (2) years from the effective date of this Decree; and $4,250.00 payable on the date that is three (3) years from the effective date of this Decree. Each of the aforementioned monetary relief payments shall be paid via certified bank check made payable to "Maria Teresa Hernandez." Defendant shall mail the aforementioned checks to Ms. Hernandez by certified mail with return receipt or express overnight mail at an address provided by EEOC.

(h) **Roxana Ramos.** Defendant shall pay monetary relief to Claimant Roxana Ramos in the total amount of $11,000.00. This monetary relief shall be designated as compensatory damages for emotional distress and shall not be subject to payroll withholdings and deductions. The monetary relief shall be paid as follows: $2,250.00 payable within fifteen (15) days of the effective date of this Decree; $2,250.00 payable on the date that is one (1) year from the effective date of this Decree; $3,250.00 payable on the date that is two (2) years from the effective date of this Decree; and $3,250.00 payable on the date that is three (3) years from the effective date of this Decree. Each of the aforementioned monetary relief payments shall be paid via certified bank check made payable to "Roxana Ramos." Defendant shall mail the aforementioned checks to Ms. Ramos by certified mail with return receipt or express overnight mail at an address provided by EEOC.

4.     At the end of the calendar year in which any payments are made to any individual

10

Claimants as set forth in Paragraphs 3(a)-(h), Defendant shall report the Claimant's monetary relief to the IRS on a Form 1099-MISC, Box 3 (marked "Other Income") and shall issue an IRS Form 1099-MISC to the Claimant for that amount. There shall be no requirement that Defendant obtain an IRS Form W-9 for any lump sum payment to be issued to any individual Claimant under this Decree and the information contained on a W-9 Form.

5.    Within seven (7) days from the date that Defendant makes the monetary relief payments set forth in Paragraphs 3(a)-(h) to Ms. Hernandez Lopez, Ms. Diaz Betancourt, Ms. Betancourt Corona, Ms. Medina, Ms. Barona, Ms. Torres, Ms. Hernandez, and Ms. Ramos, Defendant shall send copies of the checks issued to each Claimant to Senior Trial Attorney Catherine Sellers at EEOC's Baltimore Field Office.

6.    For the duration of this Decree, Defendant shall retain copies of all certified or express mail receipts demonstrating delivery of the checks referenced in Paragraphs 3(a)-(h) to Ms. Hernandez Lopez, Ms. Diaz Betancourt, Ms. Betancourt Corona, Ms. Medina, Ms. Barona, Ms. Torres, Ms. Hernandez, and Ms. Ramos.  Defendant shall provide copies of any such receipts to EEOC within seven (7) days of any written request for their production by EEOC.

7.    If Defendant is unable to successfully deliver any of the checks referenced in Paragraphs 3(a)-(h) to Ms. Hernandez Lopez, Ms. Diaz Betancourt, Ms. Betancourt Corona, Ms. Medina, Ms. Barona, Ms. Torres, Ms. Hernandez, and/or Ms. Ramos after fourteen (14) days of the date that any such payments are due, Defendant must promptly provide written notification to Senior Trial Attorney Catherine Sellers at EEOC's Baltimore Field Office and identify all person(s) to whom Defendant has been unable to deliver the checks.  Such written notification shall identify the case name and civil action number and shall be addressed: "Attn: Bisconti Farms Consent Decree Report."  Thereafter, EEOC and Defendant will work cooperatively and in good

11

faith to arrange alternative means for delivery.

## SECURITY GUARANTEE

8.      Mark F. Bisconti, in his individual capacity and by his signature below, hereby agrees and individually guarantees that in the event that Defendant fails or is unable to timely make any of the monetary relief payments set forth in Paragraphs 3(a)-(h), he shall promptly make any such payments required by this Decree from his own individual assets and shall be personally liable for any such payments.  This Paragraph shall be enforceable as an Order of this Court pursuant to the procedures set forth in Paragraph 29 below.

## RESTRICTION OF SUPERVISORY AUTHORITY

9.      For the duration of this Decree, Defendant shall not permit Araceli Escobar, Nicolasa Pantoja, or Marilu Escobar to hold any supervisory position within the meaning of *Vance v. Ball State University*, 570 U.S. 421 (2013), and any other controlling precedent.  Araceli Escobar, Nicolasa Pantoja, and Marilu Escobar shall be required to attend the training set forth in Paragraph 18.

## DESIGNATION OF EEO OFFICERS

10.     Within seven (7) days of the effective date of this Decree, Defendant shall designate Mark F. Bisconti and Ana Garcia as its Equal Employment Opportunity ("EEO") Officers.  The EEO Officers shall be responsible for implementing the terms of this Decree and for investigating and responding to complaints of discrimination and harassment that employees make in accordance with the Policies set forth in Paragraph 14.  The individuals designated as EEO Officers shall be knowledgeable of Title VII and other antidiscrimination statutes and shall receive professional training on equal employment opportunity requirements and proficient, lawful methods and techniques for investigating and responding to employee complaints of

12

discrimination and harassment. To satisfy this requirement, the EEO Officers shall, at a minimum, attend the trainings set forth in Paragraphs 18 and 19, below. In the event that either or both of the EEO Officers is no longer able to serve in that capacity, Defendant shall promptly identify, assign, and train as set forth herein one or more employees to replace them as EEO Officers. Such employees assigned to serve as EEO Officers shall not include Araceli Escobar, Nicolasa Pantoja, Marilu Escobar, or any relatives of any or all of them.

## TITLE VII NOTICE

11.     Within ten (10) days of the effective date of this Decree, Defendant shall post a copy of the Notice to All Employees, attached hereto as Exhibit A (hereinafter, "Notice"), in an employee breakroom, restroom, or other conspicuous location accessible to employees at (a) Defendant's main office located at 1109 Furnace Road, Temple, Pennsylvania 19560; and (b) each of the mushroom plants where Defendant's employees work. The Notice shall be posted in both English and Spanish and shall be signed by Defendant's owners. The Notice shall be posted for three (3) years from the effective date of this Decree. Defendant shall ensure that the Notice required under this Paragraph remains posted, and that it is not altered, defaced, or covered by any other material, for the duration of this Decree.

12.     Within fifteen (15) days of the effective date of this Decree, Defendant shall also provide a copy of the Notice referenced in Paragraph 11, above, to each of its employees. The Notice shall be mailed to each employee at his/her last known home addresses on file with Defendant or delivered to each employee along with his/her weekly paycheck.

13.     Within fifteen (15) days of the effective date of this Decree, Defendant shall certify, in writing to EEOC, that it has complied with the posting requirements in Paragraphs 11-12.

13

## DEVELOPMENT OF TITLE VII POLICIES AND PROCEDURES

14.     Within fifteen (15) days of the effective date of this Decree, Defendant shall create an anti-discrimination policy and complaint procedure for employees to make complaints of discrimination and harassment (hereinafter, collectively referred to as "Policies"), which shall be submitted to EEOC for review before implementation by Defendant. The Polices set forth in this Paragraph shall be written in both English and Spanish, and Defendant shall exercise reasonable care to ensure that the Spanish-language translations are accurate. The Policies shall comply with Title VII and include at least the following minimum content:

>    (a) **Anti-Discrimination Policy.** This policy shall contain (i) a description of the kinds of conduct that constitutes discrimination, including but not limited to sex discrimination and harassment; (ii) a discussion of the meaning of the phrase "hostile work environment"; (iii) a statement that employees will not be retaliated against for complaining about discrimination or harassment; (iv) a discussion of the kinds of retaliation prohibited under Title VII, with examples; (v) a statement that sexual harassment and other forms of discrimination will not be tolerated and that any employee (including managerial or supervisory employees) found in violation of the policy will be subject to disciplinary action, up to and including termination; and (vi) a requirement that all managerial and supervisory employees have a duty under the policy to promptly report any and all complaints or observations of alleged discrimination or harassment to the EEO Officers designated in Paragraph 10 or any owner, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including termination.

(b) **Complaint Procedure.** This complaint procedure shall include (i) multiple avenues for employees to make complaints of discrimination and harassment, including reporting such complaints to any managerial or supervisory employee, owner, or the EEO Officers designated in Paragraph 10. The complaint procedure shall be designed to be reasonably accessible to all employees, shall deem oral complaints or reports to be sufficient to trigger an investigation, and shall not impose unreasonable burdens or requirements on employees seeking to complain or report; (ii) a statement that Defendant shall promptly investigate all complaints or reports of discrimination and harassment; shall keep complaints and reports confidential except to the extent disclosure of information is necessary to conduct the investigation or comply with government inquiries; and shall document, in writing, the results of such investigations; (iii) a statement that Defendant will not retaliate against any individual who makes a complaint of discrimination or harassment or who provides information or assistance in any investigation of such complaint; (iv) a statement that Defendant will promptly notify the complaining employee of its investigation findings and any disciplinary action taken in response to his or her complaint; and (v) a statement that an employee may file a charge of discrimination with the U.S. Equal Employment Opportunity Commission or any applicable state fair employment practices agency (and provide contact information for such agencies), in addition to filing a complaint with Defendant.

15.     Within fifteen (15) days of the effective date of this Decree, Defendant shall send copies of the Policies referenced in Paragraph 14 to EEOC for review. Thereafter, EEOC shall be afforded a period of fifteen (15) days to conduct a pre-implementation review of the Policies and

15

provide any comments concerning the Policies or their implementation that EEOC deems warranted. Upon request by EEOC, Defendant shall confer in good faith with EEOC concerning the Policies and any EEOC comments.

16.    Subject to any Motion filed by EEOC pursuant to Paragraph 29, within forty-five (45) days of the effective date of this Decree, Defendant shall implement the Policies. To implement the Policies, Defendant shall: (a) integrate the Policies, in English and Spanish, in an employee manual or other policy manual; (b) distribute the Policies, in English and Spanish, to each of its current owners, officers, directors, and employees (both managerial and non-managerial); and (c) obtain a signed acknowledgement that each owner, officer, director, and employee (both managerial and non-managerial) has read and understood the Policies. The signed acknowledgements referenced in this Paragraph shall be retained for the duration of this Decree.

17.    Within ten (10) days from the date that Defendant implements the Policies set forth in Paragraph 14, Defendant shall send EEOC a copy of the final Policies implemented by Defendant and certify, in writing to EEOC, that such Policies have been implemented in the manner set forth in Paragraph 16.

## TITLE VII TRAINING

18.    Within forty-five (45) days from the date that Defendant implements the Policies set forth in Paragraph 14, Defendant shall provide no less than three (3) hours of mandatory training on Title VII and Defendant's Policies to the EEO Officers designated in Paragraph 10 and to all of Defendant's owners, officers, directors, and employees. This training shall be conducted live and involve an interactive component. For any employees who are limited English proficient but who speak Spanish, the training shall be presented to them in Spanish, and Defendant shall exercise reasonable care to ensure that the Spanish presentation/interpretation is accurate. The

16

training content shall accurately convey Title VII requirements and, at a minimum, include a discussion of the following topics: (a) Title VII's prohibition against discrimination, harassment, and retaliation; (b) the kinds of conduct that constitutes prohibited sex discrimination and harassment, including examples of such conduct; (c) the kinds of retaliation prohibited under Title VII, including examples of such conduct; (d) Defendant's Policies set forth in Paragraph 14; (e) Defendant's procedures for reporting, investigating, and responding to allegations of discrimination and harassment; and (f) the disciplinary consequences for any employees, including managerial and supervisory employees, found in violation of Defendant's Policies.

19.     Within forty-five (45) days from the date that Defendant implements the Policies set forth in Paragraph 14, Defendant shall provide no less than two (2) hours of mandatory training on Title VII, Defendant's Policies, and proficient, lawful methods and techniques for conducting investigations and responding to employee complaints of discrimination and harassment to (a) the EEO Officers designated in Paragraph 10; and (b) any other Defendant owners, officers, directors, and employees with authority to investigate or respond to employee complaints of discrimination and harassment. This training shall be conducted live and involve an interactive component. For any individuals required to attend this training who are limited English proficient but who speak Spanish, the training shall be presented to them in Spanish. The training content shall accurately convey Title VII requirements and proficient, lawful methods and techniques for conducting investigations and responding to employee complaints of discrimination and harassment. At a minimum, the training shall include a discussion of the following topics:

      (a) an overview of the topics covered in the training set forth in Paragraph 18;

      (b) Defendant's requirement that all managerial and supervisory employees have a duty under Defendant's Policies to promptly report any and all complaints or

observations of alleged discrimination or harassment to the EEO Officers designated in Paragraph 10 or any owner, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including termination;

(c) an acknowledgment that information regarding past complaints, allegations, or investigations of discrimination or harassment of a similar nature and involving the same individual then-being investigated shall be considered highly relevant evidence in any pending investigation;

(d) Defendant personnel conducting investigations into allegations of discrimination and harassment are required to research whether such past complaints or investigations exist by reviewing all records available to them;

(e) Complaint and investigation procedures must be conducted in a manner reasonably calculated to ensuring language accessibility for all individuals with whom Defendant communicates (e.g., Spanish language communications with limited English proficient workers whose first language is Spanish through an interpreter or direct communication with a Defendant official authorized to conduct the investigation who is a fluent Spanish language speaker);

(f) Defendant's former employees may be sources of highly relevant evidence and should be contacted during investigations, if appropriate;

(g) techniques for assessing witness credibility, particularly but not exclusively for situations in which there is conflicting testimony or an absence of corroboration;

(h) the need to investigate whether corroborative evidence exists, but that corroborative evidence is not required to make a finding that allegations of discrimination or harassment are substantiated or well-founded;

(i) the need to ensure that, in response to employee complaints of discrimination and harassment, Defendant undertakes corrective action reasonably calculated to end any discriminatory or harassing conduct and to prevent its reoccurrence;

(j) post-investigation procedures for monitoring the work environment, including but not limited to conducting follow-up interviews of employees and explicitly asking such persons whether any discrimination or harassment of a similar type to that investigated is ongoing or has taken place since the original complaint;

(k) the need to monitor and audit any post-complaint or investigation personnel actions taken against any complainants or witnesses to any investigations to ensure that retaliation is not taking place;

(l) the need to document complaint investigations, including taking and retaining notes of interviews conducted and fully documenting questions and answers; and

(m) Defendant's record-retention obligations under this Decree relating to any discrimination and harassment complaints or investigations.

20. Defendant shall select one or more qualified third-parties to conduct the trainings described in Paragraphs 18 and 19. At least fifteen (15) days before the date that Defendant intends to conduct the trainings described in Paragraphs 18 and 19, Defendant shall submit to EEOC a list of all persons (by name and job title) who will be required to attend the trainings and copies of the proposed training curricula. To the extent that the trainings described in Paragraphs 18 and 19 are not to be conducted by Attorneys Rick Long or Jeffrey Elliott of the law firm Kozloff Stoudt, a signatory to this Decree and counsel of record for Defendant in this action, at least fifteen (15) days before the date that Defendant intends to conduct the trainings described in Paragraphs 18

19

and 19, Defendant shall also submit to EEOC for review the name(s) and curriculum vitae of the instructors that Defendant has selected for the trainings.

21.     After Defendant transmits to EEOC the information set forth in Paragraph 20, EEOC shall be afforded a period of fifteen (15) days to conduct a pre-implementation review of the proposed instructors and training curricula and provide any comments concerning the trainings that EEOC deems warranted. Upon request by EEOC, Defendant shall confer in good faith with EEOC concerning the trainings and any EEOC comments.

22.     Subject to any Motion filed by EEOC pursuant to Paragraph 29, within ninety (90) days of the effective date of this Decree, Defendant shall conduct the trainings set forth in Paragraphs 18 and 19. Defendant shall maintain attendance logs for all persons who attend the trainings and retain such attendance logs for the duration of this Decree.

23.     Within ten (10) days from the date that Defendant conducts the trainings described in Paragraphs 18 and 19, Defendant shall send EEOC a copy of the final training curricula for each training, a list of all persons (by name and job title) who attended each training, and a list of persons to whom Defendant is required by this Decree to present such training but who did not receive it.

24.     For the duration of this Decree, Defendant shall also provide the training described in Paragraph 19 to all new EEO Officers designated after the initial date of training and to any new Defendant owners, officers, directors, and employees who assume responsibility for investigating or responding to employee complaints of discrimination and harassment after the initial training date. This training shall be held within seven (7) days of the date that such individual(s) start in their new positions or duties.

20

## **RECORD KEEPING AND REPORTING REQUIREMENTS**

25.     For the duration of this Decree, Defendant shall retain all documents related to (a) the Policies set forth in Paragraph 14, including any changes to the Policies or their implementation; (b) the training curricula, attendance logs, and acknowledgments set forth in Paragraphs 16, 20, and 22-23; (c) any complaints of discrimination, harassment, and/or retaliation that Defendant receives from its employees; and (d) any investigations and corrective action that Defendant undertakes in response to such complaints.  Such documents shall include, but are not limited to, any and all written correspondence, notes, emails, photographs, video recordings, text messages, policies, PowerPoints, training materials, memoranda, written statements, charges of discrimination, internal complaint documents, lawsuits, witness statements, internal reports, investigation findings, and disciplinary actions.  Copies of all such documents shall be produced to EEOC within fourteen (14) days of any written request for their production by EEOC.

26.     For the duration of this Decree, Defendant shall report to EEOC all complaints alleging sex discrimination, sexual harassment, and/or retaliation that it receives from employees; all complaints from employees alleging any mistreatment, of any kind, by Araceli Escobar, Nicolasa Pantoja, Marilu Escobar, and/or any relatives, friends, and/or agents acting on their behalf; and Defendant's response to such complaints.

27.     At a minimum, the reports set forth in Paragraph 26 shall include: (a) the date of the complaint; (b) a detailed description of the complaint allegations; (c) the full name, job title, residence address, and last known phone number(s) of the employee who made the complaint; (d) the full name and job title of all person(s) against whom the complaint was made; (e) the full names and job titles of all Defendant personnel who conducted or participated in the investigation of such complaint; (f) the full name(s), job title(s), residence address(es), and last known phone number(s)

21

of all persons interviewed in connection with the investigation; (g) a complete narrative description of the questions asked of, and statements made by, any persons interviewed in connection with the investigation; and (h) any investigation findings and/or corrective actions that Defendant undertook in response to such complaint.

28.     The reports required by Paragraphs 26-27 shall be sent to EEOC no later than thirty (30) days after receipt of any complaints, with a second report for each complaint due no more than ten (10) days after Defendant takes final action in response to the complaint. All reports shall be transmitted to Senior Trial Attorney Catherine Sellers at EEOC's Baltimore Field Office.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

29.     Upon Motion of EEOC regarding any provision of this Decree, or the Intervenor Plaintiffs regarding Paragraphs 1-4 and/or 7-9 (to the extent the Intervenor Plaintiffs possess Article III standing regarding any alleged noncompliance), this Court may schedule a hearing for the purpose of reviewing Defendant's compliance with this Decree. Prior to filing such Motion, EEOC or the Intervenor Plaintiffs shall notify Defendant, in writing, of its alleged noncompliance. Upon receipt of written notice, Defendant shall have fifteen (15) days either to correct the alleged noncompliance, and so inform EEOC and the Intervenor Plaintiffs, or deny the alleged noncompliance, in writing.

> (a) If the Parties cannot in good faith resolve their dispute, EEOC or the Intervenor Plaintiffs may file a Motion to seek review by the Court;
>
> (b) Each Party shall bear its own costs, expenses, and attorney fees incurred in connection with such action; and
>
> (c) Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Eastern District of Pennsylvania.

22

30.     In the event that EEOC, its agents, and employees possesses a reasonable suspicion that Defendant has violated any provision of this Decree, they shall have legal authority to enter any of Defendant's facilities, with reasonable prior notice to Defendant and its counsel, and obtain access to any and all documents for the purposes of inspection and duplication, conduct interviews or depositions of any person, inspect any area of the facility, and perform any other investigatory technique or procedure permitted by Title VII and EEOC's regulations.  EEOC shall also have the legal authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the prompt production of relevant documents to ensure compliance with any provision of this Decree.  EEOC may at any time move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of this Paragraph. Neither EEOC's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other EEOC authority to conduct investigations of Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII; the Equal Pay Act ("EPA"); the Age Discrimination in Employment Act ("ADEA"); Titles I or V of the Americans with Disabilities Act, as amended; the Genetic Information Nondiscrimination Act of 2008; and any other statute over which EEOC is given jurisdiction in the future; and conducting directed investigations under the EPA, ADEA, and any future statute that authorizes directed investigations.

## COURT COSTS AND ATTORNEY FEES

31.     Except as provided in Paragraph 3, above, the Parties shall each bear their own costs, expenses, and attorney fees in this action, including the costs of compliance and monitoring.

## EFFECTIVE DATE, DURATION, AND RETENTION OF JURISDICTION

32.     The effective date of this Decree shall be the date that the Court approves and enters the Decree as a final order of the Court.

33.     The provisions of this Decree shall remain in effect for a period of three (3) years immediately following the Decree's effective date, provided, however, that if, at the end of the three (3) year period, any disputes under Paragraph 29, above, remain unresolved, or any monetary relief payments required by Paragraphs 3(a)-(h) remain unpaid, the duration of the Decree shall be automatically extended until there is a final disposition of such dispute or such payment(s) are completed.

34.     For the duration of this Decree, this Court shall retain jurisdiction over this action to enforce the terms of the Decree and shall have all available remedies to enforce the Decree, including but not limited to monetary sanctions and injunctive relief.

## MISCELLANEOUS PROVISIONS

35.     This Decree may be executed by the Parties in counterparts.

36.     The terms of this Decree shall be binding upon Defendant and all of its present and future owners, officers, directors, managers, agents, representatives, successors, and assigns.

37.     This Decree constitutes the entire agreement and commitments of the Parties on matters raised herein and no other statement, promise, or agreement, either written or oral, made by either Party or an agent of any Party, not contained in this Decree shall be enforceable.

38.     If any provision(s) of this Decree is found to be unlawful, only the specific provision(s) in question shall be affected and all other provisions of this Decree shall remain in full force and effect.

24

39. When this Decree requires Defendant to submit reports, certifications, notices, or other materials to EEOC, they shall be sent via email or certified U.S. mail to:

> Catherine N. Sellers
> Senior Trial Attorney
> U.S. Equal Employment Opportunity Commission
> Baltimore Field Office
> George H. Fallon Federal Building
> 31 Hopkins Plaza, Suite 1432
> Baltimore, MD 21201
> Email: catherine.sellers@eeoc.gov

40. In the event that the Parties propose to make any modifications to this Decree by their mutual consent, they shall submit such proposed modifications to the Court by Joint Motion, and such modifications shall not be effective unless approved by order of the Court.

**AGREED BY:**

FOR THE U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

*Debra Lawrence w/permission*
DEBRA M. LAWRENCE        *CS*
REGIONAL ATTORNEY

Dated: 10/23/19

*Ronald Phillips w/permission*
RONALD L. PHILLIPS        *CS*
SUPERVISORY TRIAL ATTORNEY

Dated: 10/23/19

FOR BISCONTI FARMS, INC. AND BISCONTI
MANAGEMENT, INC.

_____

JEFFREY ELLIOTT
RICK LONG
KOZLOFF STOUDT
2640 Westview Drive
Wyomissing, PA 19610
Phone: (610) 670-2552
Fax: (610) 670-2591
Email: jelliott@kozloffstoudt.com;
rlong@kozloffstoudt.com
*Attorneys for Defendant*

Dated:_____

_____

MARK F. BISCONTI
President, Bisconti Farms, Inc. and Bisconti
Management, Inc.

Dated:_____

_Catherine Sellers_
CATHERINE N. SELLERS (WA Bar No. 44563)
Senior Trial Attorney
GREGORY A. MURRAY (PA Bar No. 316144)
Senior Trial Attorney
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 209-2233
Fax: (410) 209-2221
Email: catherine.sellers@eeoc.gov

Dated: _10/23/19_

_____
MARK F. BISCONTI
In his individual capacity as to Paragraph 8 only

Dated:_____


FOR INTERVENOR PLAINTIFF HERNANDEZ LOPEZ

_Maria C Hernandez Lopez_
MARIA CARMEN HERNANDEZ LOPEZ

Dated: _10/23/19_


FOR INTERVENOR PLAINTIFF DIAZ BETANCOURT

_____
MARBELLA DIAZ BETANCOURT

Dated: _10/23/19._


IT IS SO ORDERED:

Date _October 24, 2019_

_____
HONORABLE MARK A. KEARNEY
United States District Judge

26

39. When this Decree requires Defendant to submit reports, certifications, notices, or other materials to EEOC, they shall be sent via email or certified U.S. mail to:

> Catherine N. Sellers
> Senior Trial Attorney
> U.S. Equal Employment Opportunity Commission
> Baltimore Field Office
> George H. Fallon Federal Building
> 31 Hopkins Plaza, Suite 1432
> Baltimore, MD 21201
> Email: catherine.sellers@eeoc.gov

40. In the event that the Parties propose to make any modifications to this Decree by their mutual consent, they shall submit such proposed modifications to the Court by Joint Motion, and such modifications shall not be effective unless approved by order of the Court.

**AGREED BY:**

FOR THE U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

_____
DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated:_____

_____
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY

Dated:_____

FOR BISCONTI FARMS, INC. AND BISCONTI
MANAGEMENT, INC.

JEFFREY ELLIOTT
RICK LONG
KOZLOFF STOUDT
2640 Westview Drive
Wyomissing, PA 19610
Phone: (610) 670-2552
Fax: (610) 670-2591
Email: jelliott@kozloffstoudt.com;
rlong@kozloffstoudt.com
*Attorneys for Defendant*

Dated: *10/23/19*

_____
MARK F. BISCONTI
President, Bisconti Farms, Inc. and Bisconti
Management, Inc.

Dated: *10/24/19*

_____
CATHERINE N. SELLERS (WA Bar No. 44563)
Senior Trial Attorney
GREGORY A. MURRAY (PA Bar No. 316144)
Senior Trial Attorney
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 209-2233
Fax: (410) 209-2221
Email: catherine.sellers@eeoc.gov

Dated:_____

_____
MARK F. BISCONTI
In his individual capacity as to Paragraph 8 only

Dated:____10/24/19

**FOR INTERVENOR PLAINTIFF HERNANDEZ LOPEZ**

_____
MARIA CARMEN HERNANDEZ LOPEZ

Dated:_____

**FOR INTERVENOR PLAINTIFF DIAZ BETANCOURT**

_____
MARBELLA DIAZ BETANCOURT

Dated:_____

**IT IS SO ORDERED:**

Date_October 24, 2019

_____
HONORABLE MARK A. KEARNEY
United States District Judge

26

**EXHIBIT A**



## NOTICE TO ALL EMPLOYEES
## POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is being posted pursuant to a federal court order in the matter of *U.S. EEOC et al. v. Bisconti Farms, Inc. and Bisconti Management, Inc.*, Civil Action No. 5:18-cv-04166-MAK (E.D. Pa.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, against Bisconti Farms, Inc. and Bisconti Management, Inc. ("Bisconti").

To resolve the lawsuit, Bisconti and the EEOC have entered into a Consent Decree which provides, among other things, that:

(1) Bisconti is prohibited by federal court order and federal law from discriminating against employees because of sex, including but not limited to subjecting any employees to sexual harassment;

(2) Bisconti is enjoined from retaliating against any person because he or she has opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any investigation or proceeding under Title VII, or asserted any rights under the Consent Decree; and

(3) Bisconti will provide mandatory training to all employees on sex discrimination, sexual harassment, and retaliation and Bisconti's policies prohibiting such discrimination.

The EEOC enforces federal laws that prohibit discrimination in employment on the basis of race, color, national origin, sex, religion, disability, age, pregnancy/childbirth/related medical conditions, genetic information, or retaliation for opposing practices reasonably believed to be discriminatory or filing or participating in a charge of discrimination. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have a right under federal law to contact the EEOC and to report that discrimination or retaliation. EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or via e-mail at *info@eeoc.gov*. The EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints.

**This Notice must remain posted for three years from the date below and must not be altered, defaced, or covered by any other material.**

_____      _____

Date                           For:  Bisconti Farms, Inc. and Bisconti Management, Inc.

28



### AVISO A TODOS LOS EMPLEADOS
### PUBLICADO DE CONFORMIDAD A UNA ORDEN DE LA CORTE FEDERAL

Este Aviso se publicó en virtud de una orden la corte federal en el caso de US EEOC et al. v. Bisconti Farms, Inc. y Bisconti Management, Inc., Acción Civil No. 5:18-cv-04166-MAK (E.D. Pa.), resolviendo una demanda presentada por la Comisión de Igualdad de Oportunidades en el Empleo ("EEOC"), una agencia del Gobierno de los Estados Unidos, contra las Bisconti Farms, Inc. y Bisconti Management, Inc. ("Bisconti").

Para resolver la demanda, Bisconti y la agencia EEOC han entrado en una sentencia acordada que proporciona, entre otras cosas, lo siguiente:

(1) Bisconti tiene prohibido por una orden judicial federal y por la ley federal discriminar contra empleados debido a sexo, incluyendo pero no limitado a someter a ningún empleado a acoso sexual;

(2) Bisconti tiene prohibido tomar represalias contra cualquier persona porque él o ella se ha opuesto a cualquiera práctica prohibida por el Título VII, presentado un cargo de discriminacion a Título VII, haber participado en la investigación o el procedimiento conforme al Título VII, o reivindicar cualquiera de sus derechos bajo el Decreto de acuerdo Extrajudicial; y

(3) Bisconti proporcionará entrenamiento obligatorio a todos los empleados sobre la discriminación sexual, el acoso sexual, las represalias y Las políticas de Bisconit que prohíben tal discriminación.

La EEOC hace cumplir las leyes federales que prohíben la discriminación en el empleo por motivos de raza, color, origen nacional, sexo, religión, discapacidad, edad, embarazo / parto / condiciones médicas relacionadas, información genética, o represalias por oponerse a las prácticas que razonablemente se cree que son discriminatorias o de presentar o de participar en un cargo de discriminación. Si usted cree que ha sido discriminado o que se estan tomando represalias en su contra por oponerse o por reportar cualquier tipo de discriminación, usted tiene derecho, bajo la ley federal, a ponerse en contacto con la EEOC y reportar esa discriminación o esa represalia. La EEOC puede ser contactada al (800) 669-4000, TTY para personas con problemas auditivos (800) 669-6820, o por correo electrónico a info@eeoc.gov. La EEOC es una agencia federal de aplicación de la ley y no cobra por recibir o por investigar las quejas.

**Este aviso debe permanecer publicado durante tres años a partir de la fecha de abajo y no debe ser alterado, borrado o cubierto por cualquier otro material.**

_____          _____
Fecha                                     Por:  Bisconti Farms, Inc. y Bisconti Management, Inc.